IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SUE E. GEREN                                                           PLAINTIFF

vs.                       Civil No. 2:21-cv-02116

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Sue E. Geren ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.**      **Background:**

Plaintiff filed her disability application on July 14, 2018, alleging a disability beginning on June 17, 2018. (Tr. 19).[1] In her application, Plaintiff alleges being disabled due to blindness or "low vision," depression, anxiety, and a right wrist injury. (Tr. 269). Her application was denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself not the ECF page number.

initially on January 3, 2019, and her application was denied again upon consideration on June 6, 2019. (Tr. 19).

Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 100-139). This hearing was held in Fort Smith, Arkansas on August 5, 2020. *Id.* At this hearing, Plaintiff was present and was represented by Michael Hamby. *Id.* Plaintiff and Vocational Expert ("VE") Marquita Miller testified at this hearing. *Id.*

On October 21, 2020, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 16-33). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2022. (Tr. 21, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of June 17, 2018. (Tr. 21-22, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: right eye vision loss, retinal edema, inflammation of choroid, panuveitis, depression, PTSD, migraines, fibromyalgia, and obesity. (Tr. 22, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22-24, Finding 4).

The ALJ determined Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), on her date last insured. (Tr. 28, Finding 7). As for her education, the ALJ determined Plaintiff had at least a high school education. (Tr. 28, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 24-27, Finding 5). First, the ALJ evaluated Plaintiff's

subjective complaints and found they were not entirely valid.  *Id.*  Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  The claimant must avoid hazards such as motor vehicles, no ladders, ropes, or scaffolds, and moving mechanical parts.  Due to vision loss in the right eye, nothing comes from the right side.  The claimant can perform simple, routine, repetitive tasks with supervision that is simple, direct, and concrete, and social interaction that is incidental to the work performed.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW.  (Tr. 27-28, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 28-29, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ determined a hypothetical person with Plaintiff's limitations retained the capacity to work as a marker (light, unskilled) with 120,000 such jobs nationally; housekeeping cleaner (light, unskilled) with 200,000 such jobs nationally; and a routing clerk (light, unskilled) with 90,000 such jobs nationally.  (Tr. 28).  In accordance with this finding, the ALJ determined Plaintiff was not under a disability, as defined by the Act, at any time from June 17, 2018, her alleged onset date, through the date of her decision or through October 21, 2020.  (Tr. 29, Finding 11).

Plaintiff sought review with the Appeals Council.  (Tr. 1-10).  On June 21, 2021, the Appeals Council denied this request for review.  *Id.*  On June 23, 2021, Plaintiff filed a Complaint in this case.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 10-11.  This matter is now ripe for consideration.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that wouldhave supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

With her appeal brief, Plaintiff raises one claim for reversal: The ALJ's decision is not supported by substantial evidence as it relates to the Plaintiff's physical limitations as set forth in the Step Four and Five Analysis of her RFC. ECF No. 10. Upon review of this claim, the Court finds the ALJ's Step Four evaluation and her evaluation of Plaintiff's subjective complaints is not supported by substantial evidence in the record; thus, the Court will only consider this issue.

In assessing the subjective complaints of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely valid, the ALJ's determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*.  Instead, the ALJ based her evaluation of Plaintiff's subjective complaints upon the fact Plaintiff's subjective complaints were not supported by her medical records.  (Tr. 24-27).  In her opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because

6

they were not supported by the objective medical records:

> Based on the foregoing, the undersigned fins the claimant has the above residual functional capacity assessment, which is supported by the objective evidence and the medical findings established in the record.  To the extent that the claimant alleged being unable to work within the residual functional capacity, the undersigned finds the allegations no fully consistent with the evidence based upon the above discussions.

(Tr. 27).

Based upon this review, the Court finds the ALJ discounted Plaintiff's subjective complaints based upon her medical records.  *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]").  Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 21st day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE